[No. 11751. Department Two. — May 22, 1889.]

R. T. BUELL, APPELLANT, *v.* H. L. DODGE ET AL., RESPONDENTS.

PLEADING — BREACH OF CONTRACT — DEMURRER — MISJOINDER OF CAUSES OF ACTION AND OF DEFENDANTS. — The complaint alleged, in effect, that the defendant Moss individually held a mortgage upon certain land of the plaintiff, and that the plaintiff was also indebted to the defendant Dodge, individually, upon a promissory note; that on February 10, 1879, a written agreement was made between the plaintiff and the defendants, by which the plaintiff was to remove all encumbrances upon the land except said mortgage, and convey the land to Dodge for twelve thousand dollars; that Moss was to release his mortgage, and Dodge was to credit said twelve thousand dollars upon the note against the plaintiff; that three days after the agreement was signed, the defendants notified the plaintiff that they would not perform it; that on the sixth day of March following, Dodge commenced an action against the plaintiff on the note,

and attached a large amount of personal property belonging to him; that afterwards Moss foreclosed his mortgage on the land, and that the same did not sell for more than sufficient to satisfy the mortgage and the costs of foreclosure. The complaint further averred that the plaintiff had been damaged by the attachment in the sum of fifty thousand dollars, and by the foreclosure in the sum of twelve thousand dollars, for the aggregate of which sums judgment was asked against both defendants. *Held*, that the complaint was demurrable: 1. Because it did not sufficiently state the manner in which the plaintiff was damaged, or that he had performed his part of the agreement; and 2. Because of a misjoinder of causes of action and of parties defendant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*R. H. Taylor, A. Craig,* and *W. C. Stratton,* for Appellant.

*Pillsbury & Blanding,* for Respondents.

McFARLAND, J.—Each of the defendants demurred separately to the complaint. The court below sustained the demurrers; and plaintiff declining to amend, judgment went for defendants. Plaintiff appeals from the judgment.

There was some oral argument of the case at the January term; but there are no points and authorities or briefs on file, and we thus lack the benefit of that permanent and satisfactory method of presenting the views of counsel.

Upon an examination of the complaint, we think that the demurrers were properly sustained. It appears that the defendant Moss held (individually) a mortgage upon certain lands of plaintiff in the counties of Monterey, Santa Cruz, and San Benito; and that plaintiff was also indebted to defendant Dodge (individually) upon a promissory note. On February 10, 1879, a written agreement was made between the plaintiff and defendants, by which plaintiff was to remove all encumbrances

upon said lands except said mortgage of Moss, and convey said lands to Dodge for twelve thousand dollars; Moss was to "release his said mortgage from and upon said property so to be conveyed," and Dodge was to credit said twelve thousand dollars upon the note which he held against plaintiff. There was also to be some change in the matter of interest on the note. Three days after the agreement was signed, the defendants notified plaintiff that they would not perform it. On the sixth day of March following, Dodge commenced an action against plaintiff on his said note, and attached a large amount of personal property in the county of Santa Barbara, consisting of live-stock and farming utensils used by plaintiff in his business of dairying and farming. (It does not appear whether or not the attached property was sold or what became of it.) Afterward, defendant Moss foreclosed his mortgage on the said lands in the counties of Monterey, Santa Cruz, and San Benito. The lands "did not sell for more than sufficient to satisfy said mortgage and the costs of foreclosure." Plaintiff avers that he was damaged by said attachment by Dodge in the sum of fifty thousand dollars, and by said foreclosure by Moss in the sum of twelve thousand dollars, making in the aggregate sixty-two thousand dollars, for which last-named sum he prays judgment against both defendants.

The demurrers raise a great many points; but it is sufficient to say that there is no sufficient statement of the manner in which plaintiff was damaged, or that he had performed his part of the contract, and that there is a misjoinder of causes of action and of parties defendant.

Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.